## R. A. F. PENROSE v. S. F. NIXON ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 26, 1891—Decided February 16, 1891.

A decree of the court below refusing a preliminary injunction, on motion of the plaintiff in a bill filed to enjoin the lessees of a theatre from making or causing to be made loud and distressing noises in the moving of stage properties, etc., from the theatre building, at late hours of the night, to the nuisance and distress of the plaintiff, affirmed.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 89 July Term 1890, Sup. Ct.; court below, No. 689 December Term 1889, C. P. No. 4.

On February 19, 1890, R. A. F. Penrose filed a bill in equity against S. F. Nixon and J. F. Zimmerman, averring, in substance, as follows:

That in 1860 the plaintiff purchased No. 1331 Spruce street, as a permanent residence, and that portion of Spruce street in which his dwelling was situated was devoted entirely to private residences; that, about 1876, the Broad Street Theatre was erected upon the east side of Broad street, between Lo-

cust and Spruce, and immediately adjoining and abutting upon the premises of the plaintiff on the north; that, in 1889, the defendants purchased the unexpired lease of the theatre; and upon September 17, 1889, opened it to the public. That the engagements of the companies employed by the defendants terminated, in each instance, on the evening of Saturday, and everything belonging to their organizations was packed, moved out and hauled away immediately upon the conclusion of the performance, through a large doorway of the theatre, into Sycamore street.

That for this removal, etc., the defendants employed a large number of men, horses, trucks and wagons, and from about 11 o'clock P. M., on Saturday nights, until 2 or 3 o'clock Sunday mornings, the plaintiff was annoyed and disturbed in the quiet enjoyment of his home by the shouting and calling of the employees of the defendants; that loud noises were made by carrying, dropping, loading and arranging the scenery, trunks and boxes on the vehicles used for their transportation, and by the very audible and distressing sounds made by numbers of people, horses and wagons gathered together in an otherwise quiet street of the city, at a late hour of the night, and continuing during the early hours of the following morning, and the noises were distinctly audible in the plaintiff's bed, in which he was lying ill unable to sleep in consequence thereof. That these noises were a nuisance, and they deprived plaintiff and his family of the reasonable enjoyment, comfort and quiet of their home, and were detrimental to his health, and would work irreparable damage to him.

The bill prayed for an injunction restraining the defendants from making or causing to be made any such noise or noises as were complained of, after 10 o'clock P. M., from which any nuisance, annoyance or distress resulted to the plaintiff.

On the hearing of a motion for a preliminary injunction, the plaintiff read the affidavits of himself, his sons, three watchmen and two physicians. These affidavits variously described the noise made on these occasions as annoying, distressing, discomforting, disturbing; averred that there were numbers of men, horses, wagons and trucks; that on one occasion there were 178 pieces of scenery and stage settings placed on Sycamore street; that there was much commotion and noise; that

Opinion of the Court.

the noise could be heard all around the square; that it continued until 2 o'clock Sunday morning; that the noises were injurious to the plaintiff, who was sick.

The defendants read the affidavits of themselves, three persons living on Sycamore street, and their stage carpenter, denying that the noises were disturbing or distressing, or that they were annoyed thereby. The defendants said that it was necessary to their business for the different companies to move on Saturday nights, and that the wagons, etc., necessary for the transportation of the scenery and baggage were employed by the different companies and not by them; that there had been only eight removals since they leased the theatre, and that after the present engagement playing therein the building would be closed until October 1st; that on but two occasions was the noise prolonged until after 2 o'clock A. M., and the injunction would work irreparable injury to them.

After argument, the court refused the motion for a preliminary injunction, without opinion filed. Whereupon, the plaintiff took this appeal, assigning the order refusing the motion for error.

*Mr. Charles P. Blight* (with him *Messrs. Crawford* and *Dallas*), for the appellant.

Counsel cited: Art Club's App., 22 W. N. 75; Richardson v. Oberholtzer, 2 W. N. 332; Dennis v. Eckhardt, 3 Gr. 390; Sparhawk v. Railway Co., 54 Pa. 401; Harrison v. St. Mark's, 3 W. N. 389; Briggs v. Vottler, 4 W. N. 272; Haugh's App., 102 Pa. 42; Penna. Lead Co.'s App., 96 Pa. 116; Wallace v. Auer, 10 Phila. 356; Burke v. Myers, 10 W. N. 481; Dillon v. States, 11 W. N. 18; Kerr on Injunctions, § 187.

*Mr. James H. Shakespeare* and *Mr. James H. Heverin*, for the appellees, were not heard.

In the brief filed, counsel cited: 1 High on Injunctions, 476, §470; Kerr on Injunctions, 207; Hilliard on Injunctions, 304, § 2; Grey v. Railroad Co., 1 Gr. 412; Richards's App., 57 Pa. 113; Rhodes v. Dunbar, 57 Pa. 287; Huckenstine's App., 70 Pa. 102; McCaffrey's App., 105 Pa. 253.

PER CURIAM:

This was an appeal from the decree of the court below, re-

Statement of Facts.

fusing a preliminary injunction. We repeat now, what we said upon the argument at bar, that we see nothing to justify us, at this stage of the cause, in interfering with the decree of the court below.

> The decree is affirmed, and the appeal dismissed, at the costs of the appellant.